ORIGINAL

EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS       #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 4 2006

at __11__ o'clock and __4__ min. __M__
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00288-05 DAE |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) | |
| JERI-ANN LEWIS,       (05) | ) | DATE: December 4, 2006 |
|  | ) | TIME: 11:00 a.m. |
| Defendant. | ) | JUDGE: Honorable Barry M. Kurren |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, JERI-ANN LEWIS (hereinafter "Defendant"), and her attorney, G. Gary Singh, Esq., have agreed upon the following:

1. Defendant acknowledges that she is charged in a Third Superseding Indictment with one (1) count of a violation of Title 21, United States Code, Sections 846 (Count 1 - Conspiracy to possess with intent to distribute fifty (50) grams of more of methamphetamine) and one (1) count of a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) (Count 2 - Possession with intent to distribute in excess of five (5) grams of methamphetamine).

2. Defendant has read the charges against her contained in the Third Superseding Indictment, and the charges have been fully explained to her by her attorney. In making her decision to plead guilty to Count 2 of the Third Superseding Indictment, Defendant has had ample opportunity to consult with her undersigned defense attorney, and Defendant is satisfied with the legal advice and representation of her defense attorney.

3. Defendant fully understands the nature and elements of the crime with which she has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 2 of the Third Superseding Indictment. In return, the government will move to dismiss Count 1 of the Third Superseding Indictment at the time of the sentencing of Defendant.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.  Defendant enters this guilty plea because she is in fact guilty of faciliting the offense of possession with intent to distribute 5 grams or more of methamphetamine. Defendant further agrees that her guilty plea to Count 2 of the Third Superseding Indictment is voluntary and not the result of force or threats.

7.  Defendant understands that the penalties for the offense to which she is pleading guilty are as follows:

    a.  A term of imprisonment of not less than five years and up to forty years;

    b.  A fine of up to $2,000,000.00;

    c.  A term of supervised release of not less than four years and up to life; and

    At the discretion of the court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

In addition, the Court must impose a $100 special assessment as to the count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for the count to which she is pleading guilty to the United States Attorney's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which defendant is pleading guilty:

On February 21 and 22, 2002, a confidential source ("CS") placed several calls to co-defendant LAMBERT APO ("APO") and negotiated a 1 ounce methamphetamine purchase for $2,800.00.

On February 22, 2002, APO told the CS that the deal would occur at the Jack in the Box at Waipio Shopping Center.

Under surveillance by law enforcement agents, the CS was subsequently observed to enter the rear seat of an Oldsmobile that parked next to him the in the parking lot of Jack in the Box. Driving the car was Co-Defendant HARRY NAKAGAWA and the passenger was Defendant JERI-ANN LEWIS (hereinafter "Defendant LEWIS"). Defendant LEWIS knew that a drug transaction was to

4

occur and facilitated the transaction by ensuring that the methamphetamine possessed by NAKAGAWA was exchanged for $2,800.00 in cash.

A laboratory analysis of the drugs received from the drug transaction that Defendant LEWIS facilitated revealed a positive test for methamphetamine in the amount of 25.6 grams with a purity of 98%.

9. Pursuant to CrimLR32.1 of the Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate that based upon information presently known to the prosecution, as of the date of the execution of this Agreement, the United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing

offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.

The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

    c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

   13. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

7

14. The defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a Presentence Report, unless the Court decides that a Presentence Report is unnecessary pursuant to Guideline 6A1.1. The defendant understands that the Court will not accept an agreement unless the Court determines that the charges contained in the Superseding Indictment adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a. If defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury;

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other

disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt;

  c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt;

  d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court; and

  e. At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

16. Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to her and the consequences of the waiver of those rights.

17. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

20. The defendant agrees that she will fully cooperate with the United States.

   a. She agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited

to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in the investigation, and related civil proceedings;

  b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires;

  c. Defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crime in the Third Superseding Indictment or any subsequent charges related to this investigation at which the prosecution requests her to testify;

  d. Should any criminal prosecution be brought against Defendant by the U.S. Attorney's Office, the prosecution will not offer in evidence in its case-in-chief, or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by Defendant at any and all debriefing meetings related to this case, except in a prosecution for false statements, obstruction of justice, or perjury. Notwithstanding the foregoing, Defendant understands that any information or testimony provided by Defendant may be used in furtherance of any civil forfeiture proceeding brought by

the United States Attorney to obtain property which was proceeds of, or facilitated, Defendant's drug trafficking activity;

  e. Notwithstanding paragraph 18(d) above, the prosecution may use (i) information derived directly or indirectly from any and all debriefing meetings for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used in any prosecution of Defendant by the prosecution, and (ii) statements made by Defendant at any and all debriefing meetings and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should Defendant testify, or to rebut any evidence offered by or on behalf of Defendant in connection with the trial and/or at sentencing, should any prosecution of Defendant be undertaken;

  f. Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

  g. If, after entering this plea agreement, however, the Defendant makes a motion before the Court to withdraw from the plea agreement and the Court grants that motion, the Defendant agrees that any statement she makes to law enforcement agents or to the United States Attorney's Office may be used

against her in a subsequent trial. Defendant waives any protection afforded by Rule 11(e)(6) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made during the course of pleading guilty when the guilty plea is later withdrawn.

21. In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

22. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for the Superseding Indictment on the ground that defendant has provided substantial assistance in the

investigation or prosecution of another person who has committed an offense. Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b. This Agreement does not require the prosecution to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

    d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

//
//
//
//
//
//
//
//
//
//
//

DATED: Honolulu, Hawaii, _____.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____      _____
FLORENCE T. NAKAKUNI               JERI-ANN LEWIS
Chief, Narcotics Section           Defendant

_____      _____
CHRIS A. THOMAS                    G. GARY SINGH
Assistant U.S. Attorney            Attorney for Defendant

USA v. JERI-ANN LEWIS
Memo of Plea Agreement
Cr. No. 02-00288-05 DAE

15